
JUDGE HELLERSTEIN

UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENKMAN CAPITAL MANAGEMENT, INC.<br><br>Plaintiff,<br><br>-against-<br><br>ARIEL INVESTMENTS, LLC<br><br>Defendant. | 13 CV 0796<br>Civil Action No. _____<br><br>**COMPLAINT**<br><br>RECEIVED<br>FEB 0 4 2013 |

Plaintiff Shenkman Capital Management, Inc. ("Shenkman"), by its attorneys Olshan Frome Wolosky LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## INTRODUCTION

1. Shenkman, an investment manager, recently launched a new marketing campaign which relates its well known diligent approach to investing in high yield bonds and related investments. To illustrate its approach, Shenkman used the old Aesop's fable of the tortoise and the hare and illustrations of tortoises in its branding and marketing to portray itself as the slow but diligent tortoise (the "Aesop's Fable Concept" or the "Fable"). The Aesop's Fable Concept is commonly used in the financial services industry to show a slow steady approach to investing, and for this reason numerous other financial services companies have used tortoises and the phrase "SLOW AND STEADY WINS THE RACE," or something similar thereto, in their branding and marketing.

2. Despite the common and generic use of the phrase "SLOW AND STEADY WINS THE RACE" or similar phrases, and the common use of the Aesop's Fable Concept in the

financial services industry, Defendant Ariel Investments, LLC ("Ariel"), sent Shenkman a cease-and-desist letter shortly after Shenkman launched the campaign. Ariel asserted that Shenkman's marketing campaign infringed two Ariel registered trademarks: US Registration No. 2581667 for a mark consisting of a standing tortoise holding a trophy and US Registration No. 2584959 for the phrase "SLOW AND STEADY WINS THE RACE." Ariel further claimed that the use by Shenkman of the Aesop's Fable Concept in connection with financial services constitutes trademark dilution, unfair competition and deceptive and unfair trade practices in violation of various federal and state statutes, including but not limited to 15 U.S.C. §§1114 and 1125.

3. Shenkman now brings this action pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*); 28 U.S.C. §§ 2201 and 2202; and Federal Rules of Civil Procedure 57, to remove the cloud of uncertainty created by Ariel's cease-and-desist letter. Specifically, Shenkman seeks a declaration that its use of tortoises, the Aesop's Fable Concept, and the words "slow" and "steady" in its marketing does not infringe Ariel's intellectual property rights. This Complaint further seeks the cancellation of Defendant's federal trademark registration for the tagline "SLOW AND STEADY WINS THE RACE" based on the fact that the tagline has long been generic in the financial services industry and/or has lost its trademark significance.

## PARTIES

4. Plaintiff Shenkman Capital Management, Inc. is an investment management company and one of the world leaders in credit research and the management of high yield bonds and related investments. It is a New York corporation with its headquarters at 461 Fifth Avenue, New York, New York.

5. Defendant Ariel Investments, LLC, is an investment management company focused on equity investments. It is a Delaware limited liability company, registered to do business with the New York Secretary of State. On information and belief, Ariel is

2

1953633-7

headquartered at 200 E. Randolph Street, Chicago, Illinois, and maintains an office at 340 Madison Avenue, New York, New York, at which it regularly conducts business.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over this action pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*); 28 U.S.C. § 1331; and the Declaratory Judgment Act (25 U.S.C. § 2201). This court further has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as the value of the intellectual property in controversy exceeds $75,000, Shenkman is a New York corporation and on information and belief, Ariel is an Illinois limited liability company who's members all reside outside of New York. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391, 1400(a) as defendant Ariel maintains an office in New York City and is authorized to do business within the State, and is therefore subject to personal jurisdiction.

## FACTUAL BACKGROUND

A. **Shenkman and Ariel**

7. Shenkman and Ariel were both founded in the early 1980s and offer advice and products in the financial services industry. However, that is where the similarities end. The companies focus on different client bases and offer very different services to those clients.

8. Shenkman was founded and registered as an investment adviser with the SEC in 1985. It is among the pioneers in the field of high yield bond investing. As of December 31, 2012, it had over $23 billion in assets under its management. In over 27 years, Shenkman has developed an international reputation for being a patient and disciplined investment manager focused on meticulous credit research.

9. Shenkman's clients are predominantly sophisticated large institutional investors. Shenkman employs its rigorous credit research to offer its clients investment opportunities in

1953633-7

areas such as bank loans, high yield bonds, convertible bonds and stressed or distressed corporations.

10. According to its website (http://www.arielinvestments.com), Ariel, founded in 1983, is a money management firm with a historic specialty in investing in the common stock of small and medium sized public companies. Through its Ariel Investment Trust, Ariel markets to the investing public six open-end, no-load mutual funds and eight managed account investment vehicles. These investment products almost exclusively offer equity investments in companies that Ariel views as "undervalued" and include funds such as the Ariel Appreciation Fund, the Ariel International Equity Fund, and the Ariel Global Equity Fund. Not one of Ariel's funds or products is focused on high-yield bonds or fixed income investments. As of December 31, 2012, Ariel had a total of $4.9 billion in assets under management.

B. **Ariel's Cease-and-Desist Letter**

11. In January 2013, Shenkman launched a marketing campaign, which included a redesigned website and print materials, all of which focused on Shenkman's trademarked slogan "DISCIPLINE DRIVES PERFORMANCE."

12. To embody its disciplined approach, Shenkman's marketing campaign invokes Aesop's ancient fable of "The Tortoise and the Hare." In the Fable, an overconfident hare challenges a tortoise to a race, but the slow and steady tortoise ultimately wins the race with patience and persistence. Shenkman states in its advertising that when investing it strives to be that tortoise. To that end, Shenkman uses images of tortoises and/or hares on its website and in its advertising to illustrate the Aesop's Fable Concept. Examples of Shenkman's use of both the Aesop's Fable Concept and illustrations of tortoises and hares in its marketing campaign are attached hereto as Exhibits 1 and 2, respectively.

4

13. On January 28, 2013, shortly after initiating its marketing campaign, Shenkman received a "cease and desist" letter from Ariel's outside counsel ("Cease-and-Desist Letter"). A true and correct copy of that Cease-and-Desist Letter is attached hereto as Exhibit 3. In that letter, Ariel's outside counsel asserts that Ariel has the exclusive right to use either the Aesop's Fable Concept or the iconography of a tortoise in connection with marketing investment services.

14. The Cease-and-Desist Letter states that Ariel is the owner of two registered service marks in the financial and investment advisory services field.[1] The first mark is for the phrase "SLOW AND STEADY WINS THE RACE" (Reg. No. 2584959) ("Ariel Slogan") and the second is a woodcut style illustration of a tortoise standing on its rear legs holding a trophy (Reg. No. 2581667) (the "Standing Tortoise Logo" and collectively with the Ariel Slogan, "Ariel's Marks"). Both of these service marks were registered with United States Patent and Trademark Office in June 2002. Copies of the registration certificates for those marks are attached hereto in Exhibit 4.

15. In the Cease-and-Desist Letter, Ariel's outside counsel states that Ariel has used these marks "both separately and in tandem with the Aesop fable 'The Tortoise and the Hare'" to promote its investment management and advisory services in prominent national media outlets. As a result he claimed that both the service marks and the Aesop's Fable Concept have "become closely associated with Ariel."

16. Ariel's outside counsel asserts that "Ariel objects to Shenkman's use of the Aesop Fable and images of a tortoise in connection with investment management services."

---

[1] The actual service marks were registered by Ariel Capital Management, Inc. The records of the U.S. Patent and Trademark Office indicate that in 2004 both marks were assigned to Ariel Capital Management, LLC. Thereafter, in 2008, Ariel Capital Management, LLC changed its name to Ariel Investments, LLC, the defendant in this action.

17. Ariel's outside counsel further asserts that the particular artistic style chosen by Shenkman for these images is "highly evocative of that used by Ariel for the same subject matter."

18. The Cease-and-Desist Letter further takes issue with Shenkman's use of phrases such as "crawling slowly but steadily" in its marketing campaign, asserting that it is also too similar to Ariel's Slogan.

19. The Cease-and-Desist Letter alleges that Shenkman's "use of the Aesop Fable, images of a tortoises and language similar to Ariel's SLOW AND STEADY WINS THE RACE mark creates a likelihood of confusion with [Ariel] and constitutes trademark infringement, dilution, unfair competition and deceptive and unfair trade practices in violation of various federal and state statutes", for which an injunction, damages, profits, and costs may be awarded, including triple damages and attorneys' fees.

20. The Cease-and-Desist Letter closes by demanding that Shenkman stop using (i) all tortoise designs and related slogans and (ii) the Aesop's Fable Concept in connection with marketing its investment or other financial services. It also demands copies of all of Shenkman's advertisements that "include images of tortoises, references to the Aesop Fable or prominent use of the terms 'SLOW' and 'STEADY'." The Cease-and-Desist Letter then gives Shenkman 10 days to comply with Ariel's demands. Absent such compliance, the Cease-and-Desist Letter threatens legal action by stating "Ariel is prepared to escalate this matter to vigorously protect and enforce its rights."

1953633-7

### C. Ariel Does Not Have the Right to Exclusively use Tortoises or the Aesop's Fable Concept

21. Ariel's Cease-and-Desist Letter asserts that Shenkman must cease its marketing campaign because Ariel has exclusive rights to use tortoises and/or the Aesop's Fable Concept in the financial services industry.

22. However, Ariel cannot claim intellectual property rights over the Aesop's Fable Concept as this concept is widely used in the financial services industry to describe a type of investing strategy.

23. Moreover, Ariel cannot claim intellectual property rights over the use of tortoises and/or turtles in connection with the financial services industry as numerous companies in the financial services industry use tortoises/turtles in their branding and marketing campaigns for related services.

24. The Ariel Marks are not broadly famous or inherently distinctive, nor has the consuming public and trade come to associate tortoises, the Aesop's Fable Concept, or the phrase "SLOW AND STEADY WINS THE RACE" uniquely and distinctly with Ariel alone.

### D. History of Aesop's Fables

25. Aesop's fables are believed to be over 2,500 years old. Historians credit approximately 69 different ancient fables to Aesop, who is thought to have been a Greek slave and story-teller who lived from circa 620 to 564 BCE. The earliest written collection of Aesop's fables is believed to have been made in Greece during the 4th century BCE. Since then, the fables have remained popular, and from the Middle Ages on the fables have been translated and adapted into numerous languages, including French in the 12th century, Hebrew in the 13th century, English in the 15th century, Japanese in the 16th century, and Chinese in the 17th century.

1953633-7

26. The story of the tortoise and the hare has long been one of the most popular of Aesop's fables. Ancient Greek versions of the story are known to have existed, and it started to appear in modern written anthologies of Aesop's fables around the 16th century. Currently, a search for "Aesop's Fables" in the book section of Amazon.com returns over 4,900 results, and a search for "tortoise and the hare" alone returns over 1,400 results. Numerous film versions of the tortoise and the hare have also been made, including a 1935 version by Walt Disney Productions. The fable's moral has changed somewhat over time, but in most modern versions the moral is interpreted as being that the race is not always won with swiftness, but rather through patience and determination.

E. **The Aesop's Fable Concept in the Financial Industry**

27. In a marketplace where bulls and bears abound, financial professionals turn naturally to other animals to promote their strategies. It should come as no surprise that the Aesop's Fable Concept, and the general concept of being patient and disciplined like the tortoise in the fable, have long been widely used in the financial industry. Numerous investment management companies have used the Aesop's Fable Concept in their branding and marketing campaigns to highlight their disciplined approach to investing. The following are a few specific examples of investment management companies that have used the Aesop's Fable Concept in their branding and marketing:

1953633-7

| Company | Title | Available At |
|---|---|---|
| Morningstar | Morningstar Introduces New 'Tortoise' and 'Hare' Portfolios | http://corporate.morningstar.com/us/asp/subject.aspx?filter=PR3942&xmlfile=174.xml |
| Starfish SRS Fund | Tortoise and the hare | http://srsfund.blogspot.com/2013/01/tortoise-and-hare.html |
| Assante Wealth Management | Are you a tortoise or a hare? | www.dehoney.com/newsletter/novdec2010_mf.pdf |
| Angelucci Wealth Management | A Different Way of Thinking | http://awmfinancial.com/A_Different_Way_To_Think.html |
| Adroit Investments | Aesop for Investors: Slow and Steady still wins the race | http://www.adroitinvestments.ca/shared_content/docs/TheAdroitView/Vol20_Iss2.pdf |
| Allegory Advisory | The Tortoise and the Hare | http://allegoryadvisory.com/index.php/2012/11/07/the-tortoise-and-the-hare/ |
| Partners 4 Prosperity | Mutual Insurance Companies: the Tortoise vs. the Hare | http://partners4prosperity.com/mutual-insurance-companies-the-tortoise-vs-the-hare |

28. Similarly, entire books about investing have been written using the Aesop's Fable Concept and/or invoking tortoises or turtles. Some examples include:

| Title | Author | Publisher | Publication Date |
|---|---|---|---|
| Investing: the Tortoise or the Hare approach? | Mark Wylie | BPI Wealth Mentors | December 1, 2012 |
| Way of the Turtle: The Secret Methods that Turned Ordinary People into Legendary Traders | Curtis Faith | McGraw-Hill | March 9, 2007 |
| The Complete TurtleTrader | Michael W. Covel | HarperBusiness | February 24, 2009 |
| The tale of Tortoise Buffett and Trader Hare: Inspired by Warren Buffett | Lucas Remmerswaal | CreateSpace Independent Publishing Platform | April 1, 2011 |

29. Additionally, the United States Patent and Trademark Office has records for no fewer than five marks registered in class 36 (the same class in which the Ariel Marks are registered and for the same or similar services) that use either the word "tortoise" or an image of a tortoise. Attached hereto as Exhibit 5, are registration certificates from the United States

9

Patent and Trademark Office for marks owned by Endurance Capital, LLC (Reg. No. 2536490); KLS PARTNERS Société Anonyme (Reg. No. 3910391); Side By Side Financials LLC (Reg. No. 3754415); Kublai Holdings Limited (Reg No. 3568921); Cape Horn Capital Management LLC (Reg. No. 4170704); and Tortus Capital Management LLC (Reg. No 4140574).

30. Moreover, numerous other companies in the financial services industry have common law trademarks that use the word "tortoise," an image of a tortoise and/or a slogan similar to the Ariel Slogan. On information and belief, Ariel has not opposed or sought to cancel any of the above registrations or objected to the other common law uses.

31. As a consequence of the widespread third-party use in the financial services industry of the Aesop's Fable Concept, images of tortoises and turtles, and slogans similar to the Ariel Slogan, consumers have become conditioned to look to other distinguishing features of the company marks to determine the source of the services.

32. Moreover, consumers seeking out financial services, such as those offered by the parties, are sophisticated, well-educated consumers who take time and pay close attention when choosing which investment manager to use.

33. Thus, unless the use by Shenkman is virtually identical to Ariel's use of the Ariel Slogan or the Standing Tortoise Logo — which it is not — any claims against Shenkman are unfounded.

34. Attached hereto as Exhibit 2 and 6 are examples of Shenkman's advertisements and Ariel's advertisements.

1953633-7

35. The parties' marks look different and convey different meanings and commercial impressions. Shenkman's logo consists of a highly stylized top down drawing of a tortoise, namely:



Conversely, Ariel's Standing Tortoise Logo is an anthropomorphized version of a tortoise. This can be seen by the fact that it is standing on its hind legs, smiling and holding a large trophy:



36. A review of these two logos illustrates that there is no likelihood of confusion between the companies' use of tortoises.

37. Both Shenkman and Ariel have existed in the market for over 25 years while offering very different services to very different target markets. Shenkman has long focused exclusively on high yield bonds and related investments. On the other hand, on information and belief, Ariel has always focused on U.S. and International equity investments. This contrast can be seen by the fact that currently Shenkman offers no products exclusively focused on U.S.

equities and Ariel offers no products exclusively focused on high yield bonds or fixed income investments. Similarly, Shenkman's clients are overwhelmingly large institutional investors, whereas, Ariel markets its products to individual investors, commonly known as retail investors. Given these long-standing differences, the products offered by Shenkman and Ariel are not in proximity to one another. Furthermore, theses fundamental differences between the two companies show that Shenkman's use of either the Aesop's Fable Concept or tortoises in its marketing could not possibly cause damage to Ariel or its brand. In addition, all of Shenkman's advertising and promotional materials prominently display the SHENKMAN name, while all of Ariel's advertising and promotional materials prominently display the ARIEL name, thus greatly lessening any possible consumer confusion.

38.     Taking into consideration the widespread use of the Aesop's Fable Concept, tortoise logos and slogans similar to the Ariel Slogan, the sophistication of the parties' customers, the time spent by those customers in determining which investment manager to use, the distinct logos and primary trademarks (SHENKMAN vs. ARIEL) used by the parties, the fact that Shenkman does not use any slogan confusingly similar to the Ariel Slogan or use the words "slow" and "steady" in a trademark sense, the different services offered by the parties and the different marketing channels, and the fact that both parties have existed for decades without expanding their services to overlap into the other's market, Shenkman's use of tortoises or the Aesop's Fable Concept in its marketing campaign is not likely to cause confusion.

F.      **Shenkman's Marketing Campaign Does Not Infringe the Ariel Slogan**

39.     In the Cease-and-Desist letter, Ariel also takes issue with Shenkman's use of the words "slowly" and "steadily" in connection with the Aesop's Fable Concept in Shenkman's marketing campaign. Ariel claims that using these words will cause confusion with the Ariel Slogan, "SLOW AND STEADY WINS THE RACE."

1953633-7

40. Despite Ariel's assertions, however, Shenkman does not use either the words "slow" or "steady" in any slogans and does not highlight these words at all. To the contrary, Shenkman's trademark slogan is "DISCIPLINE DRIVES PERFORMANCE." Shenkman does not even use the exact phrase "slow and steady" in its marketing. Instead, Shenkman only uses the words "slowly but steadily" as part of a large amount of text on its website in the following passage when re-telling Aesop's fable:

> Once upon a time, an overconfident hare ridiculed a slow-moving tortoise and challenged him to a race.
>
> The hare quickly left the tortoise behind and, certain of winning, decided to take a nap midway through the race. When he woke, however, he found that his competitor, crawling *slowly but steadily*, had won the race with patience and persistence.

Exhibit 1 (emphasis added). Shenkman's use of a different phrase to convey an entirely different meaning in one passage of a larger story on its website gives an entirely different impression to the parties' customers than does Ariel's use of the Ariel Slogan. As a result, there is simply no likelihood of confusion between Shenkman's non-trademark use of the words "slowly" and "steadily" and the Ariel Slogan.

41. Furthermore, the phrase "SLOW AND STEADY WINS THE RACE," or something similar thereto, is a common idiom used frequently, not only in the financial services industry, but also generally in the English language as a generic idiom used to describe an approach to many things, including an investment philosophy. This chart provides a few examples of its use by companies in the financial services industry in their marketing materials:

| Company | Title | Available At |
|---|---|---|
| Hillard Lyons | Investment Insight: Slow and Steady Wins the Race | http://www.hilliard.com/marketing/Newsletters/934_Slow_Steady_Wins_Race.pdf |
| Hillard Lyons | Reminder to young investors: slow and steady wins the race | http://www.hilliard.com/marketing/capital_ideas/fall07/page3.htm |
| Bespoke Investment Group | Slow and Steady Wins the Race? Exxon Mobil (XOM) Catching Back Up With Apple (AAPL) | http://www.bespokeinvest.com/thinkbig/2013/1/24/slow-and-steady-wins-the-race-exxon-mobil-xom-catching-back.html |
| Federated Investors | Senior Portfolio Manager Peris explains why "Slow and Steady Wins the Race" in new book | http://federatedinvestors.com/FII/campaign/detail.do?cid=69108 |
| MMG Capital | Slow and Steady Wins the Race | http://www.mmginvestors.com/whyweredifferent/ourphilosophy |
| Sure and Steady Investing | Sure and Steady Wins the Race | http://sureandsteadyinvesting.com/ |

42. Considering the sophistication of the parties' customers, the lack of similarity between Shenkman's non-trademark use of "slowly" and "steadily" and the Ariel Slogan, and the widespread use of the phrase "slow and steady wins the race," there is no likelihood of confusion between Shenkman's marketing campaign and the Ariel Slogan.

G. **Shenkman did not Infringe Ariel's Copyright**

43. In referring to the images Shenkman uses on its website and in its print advertisements to illustrate the Aesop's Fable Concept, Ariel's outside counsel states in the Cease-and-Desist Letter that Shenkman's "advertisement and webpages . . . also use an artistic style highly evocative of that used by Ariel for the same subject matter." Ariel's outside counsel also states in the Cease-and-Desist Letter that Shenkman's advertisements and website "appear to be copied from Ariel's advertising."

14

1953633-7

44. Despite any stylistic similarities with Ariel's images, at no time did Shenkman or agents hired by Shenkman to prepare the illustrations referred to in the Cease-and-Desist Letter reference or copy any images used by Ariel.

45. In addition, a review of the public records of the United States Copyright Office does not show that Ariel has registered any copyrights for any tortoise renderings. Thus, Ariel could not maintain any actions for copyright infringement absent such registrations.

H.  **An Actual Case or Controversy Exists**

46. An actual case or controversy exists between Shenkman and Ariel arising from Ariel's allegations that Shenkman's use of the Aesop's Fable Concept, tortoises and/or the words "slowly" and "steadily" infringe Ariel's intellectual property rights and from Ariel's threats in its Cease-and-Desist Letter.

47. Each day, Shenkman invests more of its time and resources promoting and developing its brand through its current marketing campaign. Shenkman has a right to obtain certainty with respect to its use of the Aesop's Fable Concept, tortoises and the words "slowly" and "steadily" so that it is not left guessing as to what actions Ariel will take and when.

## FIRST CAUSE OF ACTION
## (DECLARATORY RELIEF: TORTOISE MARKS)

48. Shenkman repeats and re-alleges the statements made in paragraphs 1 through 47 as if fully set forth herein.

49. An actual controversy exists under 15 U.S.C. §§ 1114 and 1125 between Shenkman and Ariel concerning Ariel's Standing Tortoise Logo mark, which requires a declaration of rights by this court.

50. Shenkman seeks a declaration under 28 U.S.C. §§ 2201 and 2202 that its use of tortoises in its marketing campaign, as described herein, does not infringe, dilute or violate

15

Ariel's rights under the trademark laws of the United States, including 15 U.S.C. §§ 1114 and 1125, or any other trademark right of Ariel.

## SECOND CAUSE OF ACTION
### (DECLARATORY RELIEF: AESOP'S FABLE CONCEPT)

51. Shenkman repeats and re-alleges the statements made in paragraphs 1 through 47 as if fully set forth herein.

52. An actual controversy exists under 15 U.S.C. § 1125 between Shenkman and Ariel concerning Ariel's use of the Aesop's Fable Concept, which requires a declaration of rights by this court.

53. Shenkman seeks a declaration under 28 U.S.C. §§ 2201 and 2202 that Ariel does not possess a trademark in the Aesop's Fable Concept, or any other exclusive right to use the Aesop's Fable Concept in connection with the financial services industry, or in the alternative, that Shenkman's use of the Aesop's Fable Concept in its marketing campaign, as described herein, does not dilute, infringe or violate the trademark laws of the United States, including 15 U.S.C. § 1125, or any other trademark right of Ariel.

## THIRD CAUSE OF ACTION
### (DECLARATORY RELIEF: ARIEL SLOGAN)

54. Shenkman repeats and re-alleges the statements made in paragraphs 1 through 47 as if fully set forth herein.

55. An actual controversy exists under 15 U.S.C. §§ 1114 and 1125 between Shenkman and Ariel concerning Ariel's Ariel Slogan, which requires a declaration of rights by this court.

56. Shenkman seeks a declaration under 28 U.S.C. §§ 2201 and 2202 that its use of the words "slowly" and "steadily" in its marketing campaign or otherwise, as described herein,

does not infringe, dilute, or violate Ariel's rights under the trademark laws of the United States, including 15 U.S.C. §§ 1114 and 1125, or any other trademark right of Ariel.

## FOURTH CAUSE OF ACTION
## (CANCELATION OF ARIEL'S SLOGAN)

57. Shenkman repeats and re-alleges the statements made in paragraphs 1 through 47 as if fully set forth herein.

58. The mark shown in United States Trademark Registration No. 2584959, the Ariel Slogan, is generic and/or has lost its trademark significance due to the widespread use of the slogan in the marketplace for related services.

59. For that reason, Shenkman seeks an order pursuant to 15 U.S.C. § 1119 directing cancellation of the federal registration for United States Trademark Registration No. 2584959.

## FIFTH CAUSE OF ACTION
## (DECLARATORY RELIEF: TORTOISE AND AESOP'S FABLE COPYRIGHT)

60. Shenkman repeats and re-alleges the statements made in paragraphs 1 through 47 as if fully set forth herein.

61. An actual controversy exists because Ariel has implicitly asserted that Shenkman's illustrations of tortoises and/or the Aesop's Fable Concept on its website and its advertising have infringed Ariel's copyrights. Ariel's actions in sending Shenkman the Cease-and-Desist Letter and threatening to "vigorously protect and enforce its rights" have given Shenkman a reasonable apprehension of being sued by Ariel for copyright infringement and a justiciable controversy exists.

62. Shenkman seeks a declaration under 28 U.S.C. §§ 2201 and 2202 that its use of tortoises and its illustrations of the Aesop's Fable Concept in its marketing campaign, as described herein, does not infringe or violate, under the copyright laws of the United States, including 17 U.S.C. § 101 *et seq.*, any copyright held by Ariel.

## SIXTH CAUSE OF ACTION
## (DECLARATORY RELIEF: TORTOISE AND AESOP'S FABLE TRADE DRESS)

63. Shenkman repeats and re-alleges the statements made in paragraphs 1 through 47 as if fully set forth herein.

64. An actual controversy exists because Ariel has asserted that Shenkman's illustrations of tortoises and/or the Aesop's Fable Concept on its website and its advertising have infringed Ariel's intellectual property rights. Ariel's actions in sending Shenkman the Cease-and-Desist Letter and threatening to "vigorously protect and enforce its rights" have given Shenkman a reasonable apprehension of being sued by Ariel for trade dress infringement and a justiciable controversy exists.

65. Shenkman seeks a declaration under 28 U.S.C. §§ 2201 and 2202 that its use of tortoises and its illustrations of the Aesop's Fable Concept in its marketing campaign, as described herein, does not infringe or violate, under the trade dress laws of the United States, including 15 U.S.C. § 1125, any trade dress right of Ariel.

## SEVENTH CAUSE OF ACTION
## (PERMANENT INJUNCTION)

66. Shenkman repeats and re-alleges the statements made in paragraphs 1 through 47 as if fully set forth herein.

67. Shenkman's use of the Aesop's Fable Concept, tortoises or the words "slow" and "steady" or any derivations thereof do not infringe on any of Ariel's rights under the United States trademark laws, including 15 U.S.C. § 1125, the United States copyright laws, including 17 U.S.C. § 101 *et seq.*, or the United States trade dress laws, including 15 U.S.C. § 1125.

68. Despite this, Ariel has improperly threatened litigation and damages against Shenkman concerning its use the Aesop's Fable Concept, tortoises and the words "slow" and "steady" in its marketing campaign.

1953633-7

69. Shenkman has no adequate remedy at law for Ariel's behavior.

70. Therefore, Shenkman requests the Court enter an order restraining Ariel from interfering with Shenkman's use of either the Aesop's Fable Concept, tortoises or the words "slow" and "steady" or any derivations thereof in its marketing of investment services and products that include high yield bonds and/or related investments.

## PRAYER FOR RELIEF

WHEREFORE, Shenkman requests from this Court the following relief:

a) A declaration that Shenkman's use of tortoises in its marketing campaign does not dilute, infringe or violate any trademark right of Ariel;

b) A declaration that Ariel does not possess trademark rights in the Aesop's Fable Concept, or any other exclusive right to use the Aesop's Fable Concept in connection with the financial services industry, or in the alternative, that Shenkman's use of the Aesop's Fable Concept in its marketing campaign does not dilute, infringe or violate any trademark right of Ariel;

c) A declaration that Shenkman's use of the words "slowly" and "steadily" in its marketing campaign does not dilute, infringe or violate any trademark right of Ariel;

d) An order, pursuant to 15 U.S.C. § 1119, directing the Commissioner of Patents and Trademarks to cancel the United States Registration No. 2584959 on the grounds that it is no longer capable of serving as a trademark and/or it has become generic;

e) A declaration that Shenkman's use of tortoises and its illustrations of the Aesop's Fable Concept in its marketing campaign does not infringe or violate any copyrights of Ariel;

1953633-7

f) A declaration that Shenkman's use of tortoises and its illustrations of the Aesop's Fable Concept in its marketing campaign does not infringe or violate any trade dress right of Ariel;

g) An order restraining Ariel from interfering with Shenkman's use of either the Aesop's Fable Concept, tortoises or the words "slow" and "steady" or any derivations thereof in its marketing of investment services and products that include high-yield bonds and/or related investments; and

h) An award of costs and reasonable attorneys' fees incurred in this action; and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
February 4, 2013

OLSHAN FROME WOLOSKY LLP

By: _____
Thomas J. Fleming
Kyle C. Bisceglie
Mason A. Barney
*Attorneys for Plaintiff*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

1953633-7