**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHENKMAN CAPITAL MANAGEMENT, INC.<br><br>                    Plaintiff,<br><br>          -against-<br><br>ARIEL INVESTMENTS, LLC<br><br>                    Defendant. | Case No. 13 Civ. 0796<br><br>Judge Alvin K. Hellerstein<br><br>**Answer and Counterclaims**<br><br>**Jury Trial Demanded** |

Defendant Ariel Investments, LLC ("Ariel"), by its undersigned counsel, states as follows as its answer and counterclaims to the complaint of Shenkman Capital Management, Inc. ("Shenkman"), but Ariel has omitted the argumentative subtitles Shenkman included in its complaint:

### Introduction

1.      Ariel admits the allegation in Paragraph 1 of the Complaint that Shenkman uses the Aesop fable "The Tortoise and the Hare" in branding and marketing for its investments business.  Ariel denies the allegations set forth in the third sentence of Paragraph 1 of the Complaint.  Ariel is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in the remainder of Paragraph 1 of the Complaint.

2.      Ariel admits the allegation in Paragraph 2 of the Complaint that it sent Shenkman a cease-and-desist letter shortly after Shenkman launched the ad campaign at issue in this case. Ariel admits the allegations contained in the second sentence of Paragraph 2 of the Complaint. Ariel admits claiming that Shenkman's actions constitute trademark dilution, unfair competition, and deceptive and unfair trade practices in violation of various federal and state statutes,

including but not limited to 15 U.S.C. §§1114 and 1125.  Ariel denies the remaining allegations

set forth in Paragraph 2 of the Complaint.

3.      Ariel admits that Shenkman purports to bring this action pursuant to the Lanham

Act, the Declaratory Judgment Act, and Federal Rule of Civil Procedure 57 as described in

Paragraph 3 of the Complaint.  Ariel admits the allegation in Paragraph 3 of the Complaint that

Shenkman seeks a declaration that its use of tortoises, the Aesop's Fable Concept as defined by

Shenkman, and the words "slow'' and "steady" in its marketing does not infringe Ariel's

intellectual property rights; although, Ariel denies that Shenkman is entitled to such a

declaration.  Ariel admits the allegation in Paragraph 3 of the Complaint that the Complaint

seeks the cancellation of Defendant's federal trademark registration for the tagline "SLOW AND

STEADY W1NS THE RACE" based on the fact that the tagline has long been generic in the

financial services industry and/or has lost its trademark significance; although, Ariel denies that

Shenkman is entitled to such relief.  Ariel is without knowledge or information sufficient to form

a belief regarding the truth of the remaining allegations set forth in Paragraph 3 of the

Complaint.

## Parties

4.      Ariel is without knowledge or information sufficient to form a belief regarding the

truth of the allegations set forth in Paragraph 4 of the Complaint.

5.      Ariel admits the allegations set forth in Paragraph 5 of the Complaint.

## Jurisdiction and Venue

6.      Ariel admits this court has subject matter jurisdiction over this action pursuant to

15 U.S.C. § 1051 *et seq*., 28 U.S.C. § 1331 and 25 U.S.C. § 2201.  Ariel admits that venue is

proper in this district pursuant to 28 U.S.C. §§ 1391, 1400(a) and that it maintains an office in

New York City and is authorized to do business within the State.  Ariel is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 6 of the Complaint.

**Factual Background**

7.      Ariel admits the allegations in Paragraph 7 of the Complaint that it was founded in the early 1980s and that both it and Shenkman offer advice and products in the financial services industry.  Ariel is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 7 of the Complaint.

8.      Ariel is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      Ariel is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.      Ariel admits the allegations set forth in Paragraph 10 of the Complaint.

11.      Ariel is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.      Ariel admits the allegation in Paragraph 12 of the Complaint that Shenkman's marketing campaign invokes Aesop's fable of "The Tortoise and the Hare."  Ariel admits the allegations set forth in the second, third and fifth sentences of Paragraph 12 of the Complaint. Ariel admits that Shenkman uses images of tortoises and/or hares on its website and in its advertising to illustrate Aesop's fable.  Ariel is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 12 of the Complaint.

13.     Ariel admits that Shenkman received a "cease and desist" letter from Ariel's outside counsel shortly after January 28, 2013, but  Ariel denies that Shenkman received the Cease-and-Desist Letter on January 28, 2013, as Ariel mailed the Cease-and-Desist Letter on that day.  Ariel admits the allegations set forth in the second sentence of Paragraph 13 of the Complaint.  Ariel admits that in the Cease-and-Desist Letter its outside counsel complained of the specific tortoise illustrations used by Shenkman in its marketing campaign, but denies that the Cease-and-Desist Letter asserted that Ariel has the exclusive right to use the iconography of a tortoise in connection with marketing investment services.  Ariel is without knowledge or information sufficient to form a belief regarding when Shenkman initiated its marketing campaign.  Ariel denies the truth of the remaining allegations set forth in Paragraph 13 of the Complaint.

14.     Ariel admits the allegations set forth in Paragraph 14 of the Complaint.

15.     Ariel admits the allegations set forth in the first sentence of Paragraph 15 of the Complaint.  Ariel denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16.     Ariel admits the allegations set forth in Paragraph 16 of the Complaint.

17.     Ariel admits the allegations set forth in Paragraph 17 of the Complaint.

18.     Ariel admits the allegations set forth in Paragraph 18 of the Complaint.

19.     Ariel admits the allegations set forth in Paragraph 19 of the Complaint.

20.     Ariel denies the allegation in Paragraph 20 of the Complaint that the Cease-and-Desist Letter demanded that Shenkman stop using all tortoise designs and related slogans or the Aesop's Fable Concept as that term is defined by Shenkman, or that it threatened legal action absent compliance with Ariel's demands.  Ariel admits the remaining allegations set forth in Paragraph 20 of the Complaint.

21.     Ariel denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Ariel denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Ariel denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Ariel denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Ariel is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.     Ariel admits that the moral of the fable described in Paragraph 26 of the Complaint is interpreted as being that the race is not always won with swiftness, but rather through patience and determination.  Ariel is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 26 of the Complaint.

27.     As Shenkman has defined the Aesop's Fable Concept to include Aesop's fable and its illustration of tortoises, Ariel is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 27 of the Complaint.

28.     As Shenkman has defined the Aesop 's Fable Concept, Ariel is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 28 of the Complaint.

29.     Ariel is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 29 of the Complaint, except that Ariel admits that Exhibit 5 includes registration certificates.

30.     Ariel admits that it has not opposed or sought to cancel any of the registrations identified in Paragraph 29 of the Complaint.  Ariel denies that it has not objected to other common law uses of tortoises or slogans similar to the Ariel Slogan as alleged in Paragraph 30 of

the Complaint.  Ariel is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 30 of the Complaint.

31.     Ariel denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Ariel is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.     Ariel denies the allegations set forth in paragraph 33 of the Complaint.

34.     Ariel admits the allegations set forth in Paragraph 34 of the Complaint.

35.     Ariel denies the allegations set forth in the first sentence of Paragraph 35 of the Complaint.  Ariel admits that the first image shown above in Paragraph 35 consists of a highly stylized top down drawing of a tortoise.  Ariel is without knowledge or information regarding whether such image is Shenkman's logo.  Ariel admits that Ariel's Standing Tortoise Logo is an anthropomorphized version of a tortoise standing on its hind legs, smiling and holding a large trophy.

36.     Ariel denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Ariel admits that it has been in existence for over 25 years as alleged in Paragraph 37 of the Complaint, but is without knowledge or information regarding the remaining allegations set forth in the first sentence of Paragraph 37 of the Complaint.  Ariel is without knowledge or information regarding the allegations set forth in the second sentence of Paragraph 37 of the Complaint.  Ariel denies that it has always focused on U.S. and International equity investments, and that its customers are all individual investors or retail investors, and is without knowledge or information as to Shenkman's product offerings or customers.  Ariel admits that it currently does not offer any products exclusively focused on high yield bonds or fixed income investments, but is without knowledge or information regarding the remaining allegations set

forth in the fourth sentence of Paragraph 37 of the Complaint. Ariel admits that its advertisements include its name. Ariel denies the remaining allegations set forth in Paragraph 37 of the Complaint.

38.     Ariel denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Ariel admits that in the Cease-and-Desist letter, Ariel also takes issue with Shenkman's use of the words "slowly" and "steadily" in Shenkman's marketing campaign as alleged in Paragraph 39 of the Complaint. Ariel admits the allegations set forth in the second sentence of Paragraph 39 of the Complaint. Ariel denies the remaining allegations set forth in Paragraph 39 of the Complaint.

40.     Ariel denies that it asserted that Shenkman used the exact words "slow" or "steady" in any slogans or highlighted them as alleged in Paragraph 40 of the Complaint. Ariel denies the allegations set forth in the last two sentences of Paragraph 40 of the Complaint. Ariel is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 40 of the Complaint.

41.     Ariel denies the allegation in Paragraph 41 of the Complaint that "SLOW AND STEADY WINS THE RACE" is a common idiom used frequently in the financial services industry. Ariel is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 41 of the Complaint.

42.     Ariel is without knowledge or information sufficient to form a belief regarding the level of sophistication of the parties' respective customers. Ariel denies the remaining allegations in Paragraph 42 of the Complaint.

43.     Ariel admits the allegation in paragraph 43 of the Complaint that in referring to the images Shenkman uses on its website and in its print advertisements, Ariel's outside counsel

states in the Cease-and-Desist Letter that Shenkman's "advertisement and webpages ... also use an artistic style highly evocative of that used by Ariel for the same subject matter." Ariel denies the remaining allegations set forth in the first sentence of Paragraph 43 of the Complaint. Ariel admits the allegations set forth in the second sentence of Paragraph 43 of the Complaint.

44. Ariel is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 44 of the Complaint.

45. Ariel is without knowledge or information sufficient to form a belief regarding what Shenkman's search of the public records of the United States Copyright Office revealed. Ariel denies the remaining allegations set forth in Paragraph 45 of the Complaint.

46. Ariel admits the allegation in Paragraph 46 of the Complaint that an actual case or controversy exists between Shenkman and Ariel arising from Ariel's allegations that Shenkman's use of tortoises and/or the words "slowly" and "steadily'' infringe Ariel's intellectual property rights and from Ariel's threats in its Cease-and-Desist Letter. Ariel denies the remaining allegations set forth in Paragraph 46 of the Complaint.

47. Ariel is without knowledge or information sufficient to form a belief regarding Shenkman's investment of time and resources promoting and developing its brand through its current marketing campaign. Ariel denies the remaining allegations set forth in Paragraph 47 of the Complaint.

**FIRST CAUSE OF ACTION**
**(DECLARATORY RELIEF: TORTOISE MARKS)**

48. Ariel repeats and realleges its responses to paragraphs 1-47 of the Complaint, as above, as though fully set forth herein.

49.     Ariel admits that an actual controversy exists under 15 U.S.C. §§ 1114 and 1125 between Shenkman and Ariel concerning Ariel's Standing Tortoise Logo mark, but denies that a declaration of rights by this court is required as alleged in Paragraph 49 of the Complaint.

50.     Ariel admits that Shenkman seeks the declaration under 28 U.S.C. §§ 2201 and 2202 described in Paragraph 50 of the Complaint, but denies that Shenkman is entitled to any of its requested declarations.

## SECOND CAUSE OF ACTION
### (DECLARATORY RELIEF: AESOP'S FABLE CONCEPT)

51.     Ariel repeats and realleges its responses to Paragraphs 1-47 of the Complaint, as above, as though fully set forth herein.

52.     Ariel admits that an actual controversy exists under 15 U.S.C. §§ 1114 and 1125 between Shenkman and Ariel as alleged in Paragraph 52 of the Complaint, but denies that a declaration of rights by this court is required.  Ariel denies the remaining allegations set forth in Paragraph 52 of the Complaint.

53.     Ariel admits that Shenkman seeks the declaration under 28 U.S.C. §§ 2201 and 2202 described in Paragraph 53 of the Complaint, but denies that Shenkman is entitled to any of its requested declarations.

## THIRD CAUSE OF ACTION
### (DECLARATORY RELIEF: ARIEL SLOGAN)

54.     Ariel repeats and realleges its responses to Paragraphs 1-47 of the Complaint, as above, as though fully set forth herein.

55.     Ariel admits that an actual controversy exists under 15 U.S.C. §§ 1114 and 1125 between Shenkman and Ariel concerning Ariel's Ariel Slogan, but denies that a declaration of rights by this court is required.

56.     Ariel admits that Shenkman seeks the declaration under 28 U.S.C. §§ 2201 and 2202 described in Paragraph 56 of the Complaint, but denies that Shenkman is entitled to any of its requested declarations.

## FOURTH CAUSE OF ACTION
## (CANCELATION OF ARIEL'S SLOGAN)

57.     Ariel repeats and realleges its responses to Paragraphs 1-47 of the Complaint, as above, as though fully set forth herein.

58.     Ariel denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Ariel admits that Shenkman seeks an order pursuant to 15 U.S.C. § 1119 directing cancellation of the federal registration for United States Trademark  Registration No. 2584959 as described in Paragraph 59 of the Complaint, but denies that Shenkman is entitled to such order.

## FIFTH CAUSE OF ACTION
## (DECLARATORY RELIEF: TORTOISE AND AESOP'S FABLE COPYRIGHT)

60.     Ariel repeats and realleges its responses to Paragraphs 1-47 of the Complaint, as above, as though fully set forth herein.

61.     Ariel denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Ariel admits that Shenkman seeks the declaration under 28 U.S.C. §§ 2201 and 2202 described in Paragraph 62 of the Complaint, but denies that Shenkman is entitled to any of its requested declarations.

## SIXTH CAUSE OF ACTION
## (DECLARATORY RELIEF: TORTOISE AND AESOP'S FABLE TRADE DRESS)

63.     Ariel repeats and realleges its responses to Paragraphs 1-47 of the Complaint, as above, as though fully set forth herein.

64      Ariel admits that an actual controversy exists because Ariel has asserted that Shenkman's illustrations of tortoises on its website and its advertising have infringed Ariel's

intellectual property rights.  Ariel admits the allegations contained in the second sentence of Paragraph 64 of the Complaint.  Ariel denies the remaining allegations set forth in Paragraph 64 of the Complaint.

65.     Ariel admits that Shenkman seeks the declaration under 28 U.S.C. §§ 2201 and 2202 described in Paragraph 65 of the Complaint, but denies that Shenkman is entitled to any of its requested declarations.

## SEVENTH CAUSE OF ACTION
## (PERMANENT INJUNCTION)

66.     Ariel repeats and realleges its responses to Paragraphs 1-47 of the Complaint, as above, as though fully set forth herein.

67.     Ariel denies the allegations set forth in Paragraph 67 of the Complaint.

68.     Ariel denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Ariel denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Ariel admits that Shenkman requests that the Court enter an order as described in Paragraph 70 of the Complaint, but denies that Shenkman is entitled to such order.

## Affirmative Defenses

## Unclean Hands

The Complaint and each claim and purported entitlement to relief therein is barred, precluded, or limited by reason of the unclean hands of Plaintiff and related parties, including their intentional infringement of Ariel's marks and their unfair competition, as described in detail in Ariel's Counterclaim which is incorporated into this Affirmative Defense by reference as if fully set forth herein.

## Counterclaims

Defendant / Counter-Plaintiff Ariel Investments, LLC ("Ariel"), as and for its Counterclaims against Plaintiff / Counter-Defendant Shenkman Capital Management, Inc. ("Shenkman"), alleges as follows:

### The Parties

1.     Ariel is a limited liability company duly organized and existing under the laws of the State of Delaware, having its principal place of business at 200 E. Randolph Street, Suite 2900, Chicago, Illinois 6601.

2.     On information and belief, Shenkman is a New York corporation, having its principal place of business at 61 Fifth Avenue, New York, New York.

### Jurisdiction and Venue

3.     Ariel's counterclaims arise under the Lanham Act 15 U.S.C. §§ 1051, *et seq.*; New York General Business Law, § 360-l; and the common law of the State of New York.

4.     This Court has jurisdiction over Ariel's counterclaims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a)-(b) and 1367(a).

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because this action was commenced by Shenkman in the Southern District of New York, and because a substantial portion of the events and/or omissions giving rise o the claims herein occurred in the Southern District of New York.

### Background

6.     Ariel and its predecessor-in-interest have been continuously engaged since at least as early as 1983 in providing services in the field of mutual funds, investment services, and financial and investment advisory services.

7.      Ariel is the owner of the service mark SLOW AND STEADY WINS THE RACE for management of investments and investment funds, and of the corresponding U.S. Service Mark Registration No. 2584959, granted June 25, 2002 (the "Slogan Mark").

8.      Ariel is the owner of the service mark shown in this paragraph:



for financial and investment advisory services, and of the corresponding U.S. Service Mark Registration No. 2,581,667, granted June 18, 2002 (the "Tortoise Mark").

9.      The registrations for Ariel's Slogan Mark and Tortoise Mark (collectively, the "Ariel Marks") are in full force and effect on the U.S. Patent and Trademark Office's Principal Register.  Further, each such registration has become incontestable and constitutes conclusive evidence of the validity of the mark shown therein, Ariel's ownership thereof, and of Ariel's exclusive right to use such registered mark in connection with the services set forth within each registration (15 U.S.C. § 1115(b)).

10.     The ARIEL Marks are distinctive and closely associated with Ariel and its services.

11.     Since at least as early as 1984, Ariel has marketed and promoted its mutual fund and investment services in close association with images, words and themes based upon the Aesop fable "The Tortoise and the Hare" (the "Aesop Fable").

12.     For many years, Ariel's uses of the Aesop Fable have depicted the fable in a consistent artistic style.  Representative selections from Ariel's advertisements and marketing materials depicting the Aesop Fable are attached to and incorporated by reference into this Counterclaim at **Exhibit A**.

13.     Ariel is a well-known provider of mutual fund and investment services and, accordingly, its Ariel Marks and use of the Aesop Fable are similarly well known.  Currently, Plaintiff manages approximately $6 billion in assets for its clients.

14.     Ariel advertises and extensively promotes its services under the ARIEL Marks and the Aesop Fable.  In addition to promoting its services under the Ariel Marks and Aesop Fable on its website at www.arielinvestments.com and in brochures,  Ariel has promoted and advertised its services under the Ariel Marks and Aesop Fable in a wide variety of media and channels of trade, including without limitation, in national publications, websites and advertising networks such as *Barron's*, *Black Enterprise*, *Business Week*, *Chicago Tribune*, *Entrepreneur*, *Fast Company*, *Financial Advisor*, *Fortune, Inc.*, *Money Magazine*, *Morningstar Advisor*, *Mutual Funds Magazine*, *The New York Times*, *Pensions & Investments*, *Savoy*, *SmartMoney Magazine*, *USA Today*, *The Wall Street Journal*, *Investment Adviser*, *Investment News*, *Kiplinger's Personal Finance*, *Hispanic Executives Magazine*, *Chicago Sun- Times*, *Crain's Chicago Business*, *Investor's Business Daily*, *Morningstar.com*, *Forbes.com*, *CNNMoney.com*, *Blackamericaweb.com*, *WVON.com*, and the Captivate advertising network (New York and Chicago).

15.     Ariel, the Ariel Marks and the Aesop Fable have also been promoted in other media outlets, as certain of Ariel's officers have been featured contributors to such television programs as *Good Morning America* (ABC), *World News Tonight* (ABC), *In Focus* (Bloomberg TV), *Morning Call* (Bloomberg TV), *Open Exchange* (Bloomberg TV), *Morning Call* (CNBC), *Your World With Neil Cavuto* (Fox News), *Cavuto on Business* (Fox News), *Frontline* (PBS), *News Hour with Jim Lehr* (PBS), *Chicago Tonight* (PBS), *First Business* (WCIU), *DuSable Night of 100 Stars* (WBBM), and *Eye on Chicago* (WBBM), and such radio programs as *The First Word*

(Bloomberg Radio), *All Things Considered* (NPR), *News and Notes* (NPR), the *Tom Joyner Morning Show* (nationally syndicated), and *The HistoryMakers* (PBS).

16.     Additionally, Ariel promotes its services under the Ariel Marks and the Aesop Fable through high-profile sponsorships of cultural and civic events.  For example, Ariel was the lead sponsor of the Chicago and nationally touring productions of *The Color Purple*, a critically acclaimed and award winning musical.  Among other sponsorships, Ariel has also sponsored the Martin Luther King, Jr. National Memorial Project, the Chicago Sky WNBA basketball team, McDonald's All-American games, various investment-focused conferences (including those organized by Charles Schwab and Morningstar), The Harris Theatre, Rainbow PUSH Coalition, the Chicago Symphony Orchestra, and Race Against Hate.

17.     Ariel's use of the Aesop Fable in its marketing and promotional materials is well-known and has been covered by the media, including an article in *Pensions & Investments*.

18.     Since at least as early as 1984, Ariel and its predecessor-in-interest have expended substantial time, effort and money in acquiring rights in the Ariel Marks and the Aesop Fable and in advertising, promoting and marketing services sold under or in connection with the Ariel Marks and the Aesop Fable.

19.     As a result of Ariel's continuous and substantial use, and extensive advertising, promotion and publicity of the Aesop Fable, the Aesop Fable has become distinctive, is closely associated with Ariel and has acquired secondary meaning.

20.     Ariel has acquired valuable goodwill in the Ariel Marks and the Aesop Fable, and the Ariel Marks and the Aesop Fable are recognized as identifying services provided by Ariel.

21.     Notwithstanding Ariel's prior, continuous and extensive use of the Ariel Marks and the Aesop Fable, Shenkman began use in commerce of advertisements and a website which

prominently illustrate the Aesop Fable.  Representative pages from Shenkman's website are attached to and incorporated by reference into this Counterclaim at **Exhibit B**.

22.      Shenkman ran advertisements for its investment services prominently displaying scenes from the Aesop Fable in *The Wall Street Journal* and *Pensions & Investments*.  True and correct copies of these advertisements are attached to and incorporated by reference into this Counterclaim at **Exhibits C** and **D**, respectively.  Ariel has advertised its own investment services in connection with the Aesop Fable in the same publications.

23.      Shenkman's website and advertisements make prominent use of illustrations from the Aesop Fable in an artistic style which is virtually indistinguishable from that used by Ariel in its own advertising and marketing materials.  Side-by-side comparisons of the tortoises from the parties' respective materials are set forth below (Ariel on the left, Shenkman on the right):



 

24.    Ariel has received emails from third parties who saw Shenkman's advertisements using the Aesop Fable, noting that such advertisements look like Ariel's and that they use the same turtle branding.

25.    On or about January 28, 2013, Ariel informed Shenkman by letter of Ariel's rights in the Ariel marks and the Aesop Fable and requested that Shenkman cease all use of the Aesop Fable and any names or marks which infringe the Ariel Marks.  A true and correct copy of Ariel's letter dated January 28, 2013, is attached to and incorporated by reference into this Counterclaim at **Exhibit E**.

26.    In response to Ariel's letter, and without otherwise replying to Ariel, Shenkman filed this action.

27.    Ariel has given notice to Shenkman of Shenkman's infringement of the Ariel Marks and the Aesop Fable, but Shenkman has refused to cease use of its advertisements and other marketing materials featuring the Aesop Fable.

### COUNT I
### <u>Violation of The Lanham Act – Federal Trademark Infringement</u>

28.    Ariel incorporates the allegations of Paragraphs 1 through 27, inclusive, of this Counterclaim by reference into Count I as if fully set forth herein.

29.    Shenkman's use of the advertisements which depict the Aesop Fable and use images and terms the same as or similar to the Ariel Marks is likely to cause confusion, mistake, or

deception as to the source, affiliation, connection, or association of Shenkman's products and services with Ariel, or as to the approval, sponsorship, or endorsement of Shenkman's products and services by Ariel, all to Ariel's irreparable injury and Shenkman's unjust enrichment, in violation of 15 U.S.C. §1114.

30.     Upon information and belief, Shenkman's actions are willful, deliberate, and done with knowledge of Ariel's exclusive proprietary rights.

31.     Ariel has no adequate remedy at law.  The unlawful activities of Shenkman described herein have caused, and if not enjoined will continue to cause, immediate and irreparable damage to the rights of Ariel, to the Ariel Marks and the Aesop Fable, and to the business reputation and goodwill of Ariel.

## COUNT II
### Violation of the Lanham Act - Federal Unfair Competition

32.     Ariel incorporates the allegations of Paragraphs 1 through 27, inclusive, of this Counterclaim by reference into Count II as if fully set forth herein.

33.     Shenkman is deliberately using in commerce a name, designation of origin, false or misleading description of fact, and false or misleading representation of fact which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Shenkman with Ariel, or as to the origin, sponsorship, or approval of Shenkman's goods and services by Ariel in violation of 15 U.S.C. §1125(a).

34.     Upon information and belief, Shenkman's actions are willful, deliberate, and done with knowledge of Ariel's exclusive proprietary rights.

35.     Ariel has no adequate remedy at law.  The unlawful activities of Shenkman described herein have caused, and if not enjoined will continue to cause, immediate and irreparable damage

to the rights of Ariel, to the Ariel Marks and the Aesop Fable, and to the business reputation and goodwill of Ariel.

## COUNT III
### State Trademark Dilution pursuant to
### N.Y. General Business Law § 360-L

36.     Ariel incorporates the allegations of paragraphs 1 through 27, inclusive, of this Counterclaim by reference into Count III as if fully set forth herein.

37.     Shenkman's unauthorized use of terms and images which are confusingly similar to the Ariel Marks and the Aesop Fable in connection with Shenkman's products and services has blurred the distinctive quality of the Ariel marks and the Aesop Fable.

38.     Ariel has no adequate remedy at law.

39.     The unlawful activities of Shenkman described in this Counterclaim have caused, and if not enjoined will continue to cause, immediate and irreparable damage to the rights of Ariel, to the Ariel Marks and the Aesop Fable, and to the business reputation and goodwill of Ariel.

40.     By reason of Shenkman's foregoing unauthorized acts, Shenkman has violated New York General Business Law § 360-l.

## COUNT IV
### Service Mark Infringement and Unfair Competition
### Under the Common Law of the State of New York

41.     Ariel incorporates the allegations of Paragraphs 1 through 27, inclusive, of this Counterclaim by reference into Count IV as if fully set forth herein.

42.     Shenkman has used marks confusingly similar to the Ariel Marks and the Aesop Fable in advertisements and promotions of Shenkman's products or services, without Ariel's authorization or approval.

43.   Shenkman intended to and did trade on the goodwill associated with the Ariel Marks and the Aesop Fable by the acts alleged in this Counterclaim without Ariel's authorization or approval.

44.   Shenkman's acts as alleged in this Counterclaim have caused and are likely to continue to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Ariel with Shenkman, and as to the origin, sponsorship, or approval of Shenkman's products or services, all to the damage and detriment of Ariel, including without limitation, damage to Ariel's reputation, goodwill and business.

45.   In using advertisements which infringe Ariel's rights in the Ariel Marks and the Aesop Fable, Shenkman has acted knowingly, wantonly, in bad faith, and with intentional disregard of Ariel's rights.

46.   Ariel has no adequate remedy at law.

47.   The unlawful activities of Shenkman described in this Counterclaim have caused, and if not enjoined will continue to cause, immediate and irreparable damage to the rights of Ariel, to the Ariel Marks and the Aesop Fable, and to the business reputation and goodwill of Ariel.

48.   By reason of Shenkman's foregoing unauthorized acts, it is engaging in unfair competition and infringing Ariel's trademark rights in violation of the common law of the State of New York.

## **Prayer for Relief**

WHEREFORE, Ariel requests from this Court the following relief:

A.   Judgment for Ariel and against Shenkman in an amount to be determined at trial.

B.   That Shenkman and its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all persons in active concert

and/or participation with it who receive notice be temporarily, preliminarily, and permanently enjoined and restrained from:

     i)    using the Ariel Marks or the Aesop Fable, or any confusingly similar mark, name, domain name, or colorable imitation thereof, in connection with Shenkman's business which may in any way mislead or confuse anyone as to the source, affiliation, or sponsorship of such business;

     ii)    otherwise infringing or diluting the distinctive quality of the Ariel Marks or the Aesop Fable;

     iii)    injuring Ariel's business reputation and the goodwill associated with the Ariel Marks and the Aesop Fable and from otherwise unfairly competing, directly or indirectly, with Ariel; and

     iv)    causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval, or certification with or by Ariel, or engaging in conduct tending to create a false commercial impression of Ariel's products or services or any other conduct which tends to pass off Shenkman's products or services as those of Ariel or creates a likelihood of confusion or misunderstanding or false representation.

C.    That Shenkman be directed to file in Court, and to serve on Ariel, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction.

D.    That Shenkman be required to account for and pay over to Ariel actual and statutory damages in an amount to be determined by the Court.

E.    That Shenkman be ordered to compensate Ariel for the advertising or other expenses necessary to dispel any public confusion caused by Shenkman's infringement of the Ariel Marks or the Aesop Fable, unfair competition, misappropriation, breach of contract, and other unlawful acts.

F.    That this Court award increased damages to fully compensate Ariel and punitive damages for the willful and wanton nature of Shenkman's wrongful acts.

G.    That Shenkman be ordered to pay pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees to Ariel.

H.    The Court find that this is an "exceptional" case pursuant to 15 U.S.C. § 1117.

I.    That this Court grant Ariel such other and further relief as the Court deems just and equitable.

## Jury Demand

Plaintiff demands trial by jury on all matters and issues so triable.

//

//

//

//

//

//

//

//

//

//

DATED: New York, New York
      April 5, 2013

MITCHELL SILBERBERG & KNUPP LLP

By: _/s/ Jane G. Stevens_____ _
    Jane G. Stevens (jgs@msk.com)
    Bradley J. Mullins (bym@msk.com)
    12 East 49th Street, 30th Floor
    New York, New York 10017-1028
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239

    - and –

    _/s/ Arthur Gollwitzer III_____ _
    MICHAEL BEST & FRIEDRICH LLP
    Arthur Gollwitzer III
    (agollwitzer@michaelbest.com)
    Luke W. DeMarte (*pro hac vice*)
    (lwdemarte@michaelbest.com)
    Larry L. Saret (*pro hac vice*)
    (llsaret@michaelbest.com)
    Two Prudential Plaza
    180 North Stetson Avenue, Suite 2000
    Chicago, Illinois 60601
    Telephone: (312) 222-0800
    Facsimile: (312) 222-0818

    *Attorneys for Ariel Investments, LLC*